## CHRISTAKOS v. LOCKWOOD.
### No. 11023.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 4, 1952.

Decided Feb. 14, 1952.

M. S. Mazzuchi, Washington, D. C., with whom S. J. Pokrass, Washington, D. C., was on the brief, for appellant.

Stephen G. Ingham, Washington, D. C., with whom William E. Furey, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, PROCTOR and BAZELON, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is a civil action which arose out of the sale of a restaurant business. The complaint was for rescission of the sales contract, for cancellation of a deed of trust, a promissory note, and a lease, and for the refund of cash consideration paid. There was a trial and a judgment in favor of the defendant Christakos. Upon appeal this court reversed and remanded the case for a

new trial.[1] The present appeal is from the judgment in that trial.

The sale in question arose from three newspaper advertisements, which offered the business for sale and made representations of fact. The advertisements were published on December 4, 1947, January 18, 1948, and March 4, 1948. The trial judge upon the first trial considered the representations contained in the last advertisement as the inducement to the bargain. Upon appeal this court held that the three advertisements constituted one inducement and that, therefore, the trial court should have considered also the actual facts and the representations which existed at the time of the first advertisement.

Upon the second trial, from which the present appeal was taken, the trial court considered the facts and the representations throughout the period and concluded that the representations were either intentionally false or made with a reckless disregard of the truth. The court also found as a fact that a proper tender of a return of the business and property had been made by the plaintiff Lockwood. The court therefore held that the contract had been effectively rescinded and gave judgment for the plaintiff in the amount of the cash paid by her upon execution of the contract.

■ Upon this appeal appellant Christakos states sixteen questions. Upon the oral argument, however, her counsel summarized her position to be that there was no showing of fraud and that there was no tender. We think there was ample evidence to sustain the finding of the trial court that there were false representations which induced the plaintiff Lockwood to enter into the contract of purchase, and that those representations constituted fraud. The advertisements stated that the business was realizing daily sales of $250. As a matter of fact, the defendant Christakos had come into possession of the business on September 11, 1947, and on no single day prior to January 2, 1948, did the business gross as much as $250.[2] For September,

1947, the average daily sales were $178.89, for October $153.69, for November $143.61, and for December $124.18.

The contract for the sale of the business was executed on March 4, 1948, and the plaintiff Lockwood took possession March 20, 1948. She operated for eight days, March 20th to March 27th, inclusive, and her average daily sales were $134.17. On March 25th her counsel in her behalf wrote the defendant Christakos a letter, stating that she rescinded the contract because of misrepresentations, that she thereby tendered back the business upon the refund of the cash paid by her, plus certain minor expenditures, and the cancellation of the promissory note and lease. In the letter the plaintiff stated that she would make no further payments of rent or payments on the note, that she would close the business as of the end of the business day on Sunday, March 28th, "and thereafter it will remain at your risk and expense." On Monday, March 29, 1948, the plaintiff filed the civil action here involved.

■■ Appellant says that there was no tender, because (1) the receipt of the letter was not proved, (2) the letter was ineffective as a tender because it was conditional, and (3) a condition precedent to the right of rescission is a tender of restoration of the subject matter, which in this case meant immediate surrender of possession. As to the mailing of the letter, there was unequivocal testimony by the attorney who wrote the letter that he mailed it. Moreover, the plaintiff Lockwood testified that the defendant Christakos called her on the telephone upon receipt of the letter and said that she had received it. The defendant Christakos denied this receipt, but the question was a question of fact to be determined by the trial judge upon the evidence before him. As to the conditional nature of the tender, the only condition was the restoration of the consideration paid and cancellation of the note for the balance and the lease on the premises, and such a condition could not nullify the effectiveness of the

1. Lockwood v. Christakos, 1950, 86 U.S. App.D.C. 323, 181 F.2d 805.
2. In the record the gross receipts sometimes were given for two days, but in no such instance does the total for the two days approach $500, or an average of $250 per day.

tender for purposes of rescission.[3] More-over, the complaint seeking rescission was filed immediately.

The judgment of the District Court is Affirmed.

3. Plaintiff also asked for refund of a partial month's rent for the premises, amounting to $69.66, and $30.00 paid to an attorney for drawing the contract of sale, but these demands were *de minimis* to the right of rescission under the circumstances.